COMMONWEALTH *vs.* JOSEPH T. SARRO.

Suffolk.    May 5, 1969. — June 2, 1969.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Evidence,* Admissions and confessions. *Constitutional Law,* Confrontation of witnesses. *Practice, Criminal,* Trial of defendants together.

At the trial together of indictments against two defendants for larceny of an automobile, it was error under the rule of *Bruton* v. *United States,* 391 U. S. 123, requiring reversal of the conviction of one of the defend-

ants, to permit a police detective to testify that upon arresting the two defendants the other defendant had stated to him "We are stealing . . . [automobiles] for parts," notwithstanding instructions to the jury that such statement was admitted only against the other defendant.

Two INDICTMENTS found and returned in the Superior Court on April 10, 1968.

The cases were tried before *DeSaulnier,* J.

*Reuben Goodman* for the defendant.

*Paul V. Buckley,* Assistant District Attorney, for the Commonwealth.

REARDON, J.    Upon trial subject to G. L. c. 278, §§ 33A–33G, the defendant was convicted in case No. 34975 of operating an automobile after revocation of his license and in case No. 34977 of larceny of an automobile, and appealed in each case.   One Smith, who was tried with the defendant on separate indictments, was convicted of operating an automobile after suspension of his license and of larceny of an automobile.   The facts are as follows.

The owner of a 1962 green Oldsmobile, registration No. R45347, parked it in the Wonderland MBTA parking lot in Revere at 8 A.M. March 13, 1968.   When he returned at approximately 6 P.M. the car was missing.   At approximately 5:15 on the same evening Boston police detectives Joseph E. McCain and Leo Papile saw the Oldsmobile being driven by the defendant (whom McCain knew as a result of previous investigations).   There was a passenger in the car whom the detectives could not at that time identify.   The detectives lost the car in traffic at that time and saw it again approximately three hours later.   On this occasion Smith was driving.   Smith pulled the car over to the curb.   The defendant and Smith left the car and were thereupon arrested, taken to the Metropolitan police station in Revere, and warned of their constitutional rights.   Undisputed evidence that the defendant's driving license had been revoked was introduced at the trial.

The defendant alleges as error the admission in evidence of a statement made by Smith.   Detective McCain was allowed, over objection, to testify that upon arresting the

defendant and Smith he had asked Smith why they were stealing cars, and Smith had replied, "We are stealing them for parts." The judge instructed the jury that the statement was admitted only against Smith. Nevertheless the defendant asserts there was reversible error as to him under the rule of *Bruton* v. *United States*, 391 U. S. 123. We agree. Assuming arguendo that there are instances where a jury can rationally follow instructions to regard evidence as to one defendant and disregard it as to another, see *Caton* v. *United States*, 407 F. 2d 367, 372 (8th Cir.), we do not feel that this is such a case. Here Smith's statement supplied an essential element of the crime of larceny, intent to deprive the owner permanently of his property. It is all but impossible that the jury applied the evidence of intent, inferable from Smith's statement, to Smith but not to the defendant. Thus the jury's finding as to the defendant, as well as to Smith, may have been based on Smith's extrajudicial statement. We therefore hold that the admission of this evidence was reversible error in case No. 34977 for larceny of the automobile. Since the evidence did not at all relate to the conviction for driving with a revoked license, however, we are not of opinion that that conviction should be reversed.

In case No. 34975 the judgment is affirmed. In case No. 34977 the judgment is reversed.

*So ordered.*