BERNARD J. KILEY *vs.* COMMONWEALTH. October 28, 1970. On this petition for a writ of error which comes to us by reservation and report of the single justice, we need consider only whether the rule enunciated in *Bruton* v. *United States,* 391 U. S. 123 (May 20, 1968) is applicable, and, if applicable, is decisive. The petitioner's convictions of murder in the second degree and of conspiracy were reviewed and upheld in *Commonwealth* v. *Dougherty,* 343 Mass. 299 (1961). The *Bruton* case had not then been decided. The rule of the *Bruton* case was, however, given retroactive application in *Roberts* v. *Russell,* 392 U. S. 293 (June, 1968). Tested by that rule, the petitioner's convictions cannot stand. Police officers testified to a statement incriminating the petitioner made to them in the petitioner's absence by one Polcaro then a codefendant. Polcaro did not testify. 343 Mass. 299, 300–302. The limiting instructions given by the judge, viewed retrospectively under the *Bruton* rule, were as matter of law unavailing. It is difficult for us now to say to the degree of certainty required (see *Harrington* v. *California,* 395 U. S. 250) from a rereading of the record that the retroactive error was harmless.

*Judgments reversed.*

*Reuben Goodman (Alexander Whiteside, II,* with him) for the petitioner.
*Lawrence P. Cohen,* Assistant Attorney General, for the Commonwealth.