COMMONWEALTH *vs.* PHILLIP M. HARDING. November 28, 1973. At a jury trial held subject to the provisions of G. L. c. 278, §§ 33A-33G, the defendant was convicted of assault and battery by means of a dangerous weapon and assault with intent to commit armed robbery. The defendant assigns as error the admission of testimony by the victim that, as he approached his automobile immediately prior to the confrontation with the defendant, he observed that one of its tires had been slashed. There was no error. "In the trial of a criminal case the Commonwealth is entitled to 'show the whole transaction of which the crime was a part. . . . Evidence of the attendant circumstances may aid the jury in reaching a verdict by giving them the complete picture.' " *Commonwealth* v. *Hopkins, ante,* 858 (1973), citing *Commonwealth* v.

*Durkin,* 257 Mass. 426, 428 (1926). The defendant further assigns as error the denial of two motions for mistrial made (1) after a Commonwealth witness referred to the defendant's possible involvement in other criminal activity and (2) after another witness voluntarily and unresponsively testified to the defendant's conduct suggestive of consciousness of guilt. The defendant argues that the effect of such testimony could not have been cured by the curative instructions given in each instance. We disagree. The testimony objected to was of a type that can adequately be cured by clear and prompt limiting instructions, such as were given in this case. Contrast *Commonwealth* v. *Gibson,* 357 Mass. 45, 48-49 (1970), and *Commonwealth* v. *Rucker,* 358 Mass. 298, 300 (1970), with *Commonwealth* v. *Sarro,* 356 Mass. 100, 102 (1969). "It is our rule that jurors may be expected to follow instructions to disregard matters withdrawn from their consideration." *Commonwealth* v. *Crehan,* 345 Mass. 609, 613 (1963). The defendant also assigns as error the exclusion at trial of two snapshots from a group of three previously shown to the victim by defense counsel at a probable cause hearing. The victim had been unable to identify the defendant in any of the photographs; the only photograph in which the defendant appeared was the one which was admitted. In such situations the admission of photographs in evidence rests largely in the discretion of the trial judge. See *Commonwealth* v. *Noxon,* 319 Mass. 495, 536-537 (1946). We are of the opinion that no prejudice resulted from excluding the photographs. The judge did not abuse his discretion.

*Judgments affirmed.*

The case was submitted on briefs.
*Francis John Stolarz* for the defendant.
*Daniel Mullane,* Assistant District Attorney, for the Commonwealth.