COMMONWEALTH *vs.* RICHARD K. GORDON & another.[1] March 30, 1976. In 1963, the defendants were convicted of larceny and conspiracy

[1] Richard C. Simmers.

to commit larceny. See *Commonwealth* v. *Kiernan,* 348 Mass. 29 (1964). They appeal under G. L. c. 278, §§ 33A-33G, from the denial by a Superior Court judge of their joint motion for a new trial brought under G. L. c. 278, § 29. It does not appear that they pressed their appeals from the denial of earlier motions for new trials in 1965 and in 1971. 1. A claim of newly discovered evidence formed the basis for the present motion. It was grounded upon an assertion of newly available evidence, the anticipated testimony of Joseph W. Monahan, Jr., (Monahan) who had been convicted of conspiracy and larceny in a related case. See *Commonwealth* v. *Monahan,* 349 Mass. 139 (1965). The judge conducted a voir dire on the question of Monahan's availability to have testified at the defendants' trial and at the hearings on the earlier motions; and he received defense counsel's offers of proof of anticipated testimony on the merits of the present motion by Monahan and each of the defendants who had elected not to testify at their trial in 1963. Defense counsel conceded at voir dire that what Monahan knew at the time of the trial "is the same as that which he knows now"; and there was evidence from Monahan and the defendant Gordon to support the judge's conclusion that Monahan's anticipated testimony was available to the defendants prior to the date of the earlier motions and "more particularly" prior to the 1971 decision denying their second motion for a new trial. Defense counsel agreed that the remaining evidence, which was to be offered to complement Monahan's testimony, had either been presented or had been available to the defendants at the hearing on the 1971 motion. 2. The judge correctly declined to accept their suggestion that the exclusionary rule of *Bruton* v. *United States,* 391 U.S. 123 (1968) (barring the use at a joint trial of a codefendant's out-of-court confession inculpating the defendant), be extended to this case with respect to out-of-court statements of a coconspirator, Brady, inculpating the defendants. The defendants contend that this evidence, admitted against them at trial, abridged their right of confrontation under the Sixth Amendment to the United States Constitution. The *Bruton* case, decided after the defendants' trial, but prior to their second motion for a new trial, was given retroactive application in *Roberts* v. *Russell,* 392 U.S. 293 (1968). Brady's statements were admitted under a recognized exception to the hearsay rule accorded statements of coconspirators made in furtherance of a conspiracy. *Commonwealth* v. *Beneficial Fin. Co.* 360 Mass. 188, 222-223 (1971). See *Commonwealth* v. *French,* 357 Mass. 356, 372 (1970). Contrast *Kiley* v. *Commonwealth,* 358 Mass. 800 (1970). In *Dutton* v. *Evans,* 400 U.S. 74, 80, 87 (1970), the Supreme Court affirmed that the *Bruton* rule did not preclude the admission of such statements as exceptions to the hearsay rule. The defendants have made no claim that the statements were not "made both during the pendency of the cooperative effort and in furtherance of its goal." See *Commonwealth* v. *Pleasant,* 366 Mass. 100, 104 (1974). In the circumstances the defendants' further contention, that the court erred in refusing to consider the trial transcript in ruling on the motion for a new trial, is without merit.

*Judgment affirmed.*

*Evan T. Lawson* for the defendants.

*Robert V. Greco,* Assistant Attorney General (*Bernard Manning,* Assistant Attorney General, with him) for the Commonwealth.