COMMONWEALTH vs. FRED CLARK, JR.
(and nine companion cases[1]).

Suffolk.    October 11, 1977. — November 16, 1977.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Constitutional Law,* Confrontation of witnesses. *Evidence,* Admissions and confessions. *Practice, Criminal,* Mistrial, Trial of defendants together, Variance. *Pleading, Criminal,* Indictment. *Joint Enterprise.*

A mistrial was not required by the fact that one of three defendants being tried together defaulted on the second day of trial. [675-677]

A variance between an indictment charging the defendant with assault and battery by means of a dangerous weapon, to wit: a shoe, which specified that "the said shoe [was] then worn upon the foot of the ... [defendant]" and the evidence at trial which established that a codefendant was the one who actually kicked the victim did not require dismissal of the indictment where the defendant failed to show that any prejudice resulted from the variance and where he had been informed that the Commonwealth intended to proceed against him on a theory of joint criminal enterprise. [677-678]

At the trial of an indictment charging the defendant with unlawfully carrying a firearm under his control in an automobile, there was sufficient evidence to warrant a finding that the defendant knew the firearm was in an automobile in which he was riding and that he had exercised control over it either individually or in conjunction with two codefendants. [678-679]

INDICTMENTS found and returned in the Superior Court on December 12, 1975.

The cases were tried before *Tamburello,* J.

*Saul A. Schapiro  (Joseph F. Flynn* with him) for Ernest L. Grayson.

*Roy J. Watson, Jr.,* for Fred Clark, Jr.

*Barbara A. Blumenthal,* Assistant District Attorney, for the Commonwealth.

---

[1] Four companion cases are against Fred Clark, Jr., and five are against Ernest L. Grayson.

HALE, C.J.    After a jury trial in the Superior Court the defendants, Fred Clark, Jr., and Ernest L. Grayson, were convicted and sentenced on indictments charging armed robbery, entering a dwelling house being armed and with intent to commit a felony, assault and battery by means of a dangerous weapon (a handgun and a shoe), and unlawfully carrying a firearm. Both defendants have appealed from their convictions, and each has assigned as error and argued the trial judge's denial of his motion for a mistrial and the judge's subsequent allowance of testimony regarding a codefendant's absence. Grayson has additionally assigned as error and has argued the judge's denial of his motions for directed verdicts with regard to two of the indictments.[2]

The charges against the defendants arose from their alleged participation in a robbery and beating of one Charles Wright. On November 24, 1975, three men forced their way at gunpoint into Wright's home. Wright was beaten with a handgun, forced to lie on the floor, and repeatedly kicked by one of the intruders. The three threatened to shoot Wright in the leg unless he should tell them where he kept his money. Eventually the men took Wright's money, television set, stereo, and other valuable property. They then bound Wright and fled.

Wright was able to free himself and reported the robbery to the police almost immediately after his assailants had left. Shortly after hearing radioed information describing the robbery, the participants, and the getaway car, two Boston police officers saw a vehicle which corresponded to the radioed description and apprehended Grayson, Clark, and one Brimage. The automobile was driven by Brimage. Wright's stolen property was visible within the automobile to the officers at the time of the defendants' arrests. Wright subsequently identified Grayson, Clark, and Brimage as the men who had robbed and beaten him.

---

[2] Other assignments of error not having been briefed are deemed waived. Rule 1:13 of the Appeals Court, as amended effective February 27, 1975, 3 Mass. App. Ct. 801.

Commonwealth v. Clark.

The three were tried jointly. All were present on the first day of trial, during which the jury were empanelled and the Commonwealth made its opening statement in which it was stated that the Commonwealth would prove a "joint venture participated in equally by each of the three defendants." On the second day of trial Brimage, the only defendant not in custody, failed to appear and was defaulted. Later in the trial a police officer testified that Brimage could not be found at his usual address. The trial continued with Brimage's attorney participating despite his client's absence. The jury ultimately found all three defendants guilty on all charges.

1. After Brimage was defaulted Grayson and Clark moved for a mistrial so that they might be tried in a separate proceeding apart from Brimage. These motions were denied. Grayson and Clark argue that this violated their rights to a fair trial and to confrontation of witnesses, as defined in *Bruton* v. *United States*, 391 U. S. 123 (1968).

The defendants concede that the judge's conduct would have been proper in a proceeding against Brimage alone.[3] Nevertheless, they claim that because evidence of Brimage's flight could be considered as an extrajudicial admission of guilt by Brimage and because they and Brimage were tried for the same offense on a common enterprise theory, Brimage's admission by flight served to inculpate them as well. The defendants conclude that, because Brimage was absent from trial and his admission could not be rebutted on cross-examination, severance of their trial from Brimage's was constitutionally compelled under the Bruton rule.[4]

---

[3] A felony trial may proceed without the presence of the accused when he voluntarily absents himself after trial has begun in his presence. *Commonwealth* v. *Flemmi,* 360 Mass. 693, 694 (1971). Also, testimony regarding the absence of the accused from his customary environs is admissible to establish flight by the accused which may indicate his consciousness of guilt. *Commonwealth* v. *Carita,* 356 Mass. 132, 140 (1969).

[4] Grayson claims that he was further prejudiced in the eyes of the jury by the fact that he and Clark were seated in the dock during the trial while Brimage, who was not in custody, sat outside the dock. We need

Severance of trials is required under the Bruton rule when a substantial risk arises that in determining a particular defendant's guilt the jury will rely on "powerfully incriminating extrajudicial statements" which are admissible only against a different defendant. *Commonwealth* v. *Devlin*, 365 Mass. 149, 155-161 (1974), quoting from *Bruton, supra* at 135. Separate trials are indicated when a codefendant's admissions so incriminate the particular defendant as to cast doubt on the jurors' ability to comply with the judge's instructions limiting their consideration of the admissions. See *Commonwealth* v. *LeBlanc*, 364 Mass. 1, 7-9 (1973); *Commonwealth* v. *Corradino*, 368 Mass. 411, 419-420 (1975). However, when the adverse effect of a codefendant's admissions on a particular defendant is only indirect or incidental, severance is not constitutionally compelled, and careful limiting instructions by the judge may be sufficient to protect the particular defendant's interests. *Commonwealth* v. *French*, 357 Mass. 356, 373 (1970), judgments vacated as to death penalty sub nom. *Limone* v. *Massachusetts*, 408 U. S. 936 (1972). *Commonwealth* v. *McGrath*, 358 Mass. 314, 321 (1970).

We hold that evidence regarding a codefendant's flight is not a "powerfully incriminating extrajudicial statement" and that severance of the defendants' trials under the Bruton rule was not required. No active or inescapable inference of either defendant's guilt arose from the evidence concerning Brimage's flight. See *Commonwealth* v. *Sarro*, 356 Mass. 100, 102 (1969); *Kiley* v. *Commonwealth*, 358 Mass. 800 (1970); *Commonwealth* v. *LeBlanc, supra* at 8. Compare *Commonwealth* v. *McGrath, supra; Commonwealth* v. *Whooley*, 362 Mass. 313, 319 (1972); *Commonwealth* v. *Flynn*, 362 Mass. 455, 462 (1972). Given the remoteness of any adverse inference which may have arisen against the defendants, the jury could be expected to fol-

not address this issue since the seating of the defendants is not discernible from the record. Nevertheless, we reiterate that the seating of defendants at trial is a matter within the discretion of the trial judge (*Commonwealth* v. *Magnasco,* 4 Mass. App. Ct. 144, 148 [1976]) and find no abuse of that discretion in this case.

Commonwealth *v.* Clark.

low the judge's instructions and disregard Brimage's flight when considering the case against the other defendants.[5] *Commonwealth* v. *Harding,* 1 Mass. App. Ct. 858, 859 (1973).

When severance is not constitutionally compelled, a declaration of mistrial so that the defendants may be retried separately is a matter within the trial judge's discretion. See *Commonwealth* v. *Beneficial Fin. Co.,* 360 Mass. 188, 223 (1971), cert. denied sub nom. *Farrell* v. *Massachusetts,* 407 U. S. 910, and sub nom. *Beneficial Fin. Co.* v. *Massachusetts,* 407 U. S. 914 (1972); *Commonwealth* v. *Flynn, supra.* The judge did not abuse his discretion in denying the defendants' motions for a mistrial.

2. Grayson also argues that there was error in the judge's denial of his motion for a directed verdict on the indictment which charged him with assault and battery by means of a dangerous weapon, to wit: a shoe. The indictment specified that "the said shoe [employed in the offense was] then worn upon the foot of the said Ernest L. Grayson." The testimony at trial established that although all three defendants participated in the robbery, Brimage was the only defendant who actually kicked the victim. Grayson argues that since the Commonwealth failed to prove that he kicked the victim, this variance between the allegations of the indictment and the proof at trial compelled the direction of a verdict in his favor.

An offense must not only be proved as charged, it must be charged as proved. *Commonwealth* v. *Ancillo,* 350 Mass. 427, 430 (1966). *Commonwealth* v. *Langenfeld,* 1 Mass. App. Ct. 813, 814 (1973). However, if all the essential elements of a crime are correctly stated in the indictment, a

---

[5] The judge instructed the jury that Brimage's default might indicate his consciousness of guilt but that his default could also be explained away by circumstances known only to Brimage. The judge also gave clear directions at the time of the default, when he admitted testimony regarding Brimage's absence, and in his charge that any inference drawn by the jury from Brimage's absence could under no circumstances be applied against either Grayson or Clark. No exception was taken to those instructions or to the charge, nor do the defendants now complain that the instructions or the charge was erroneous.

defendant may not be acquitted due to a variance between the indictment and the proof at trial unless he is thereby prejudiced in his defense. G. L. c. 277, § 35. *Commonwealth v. Ladetto,* 349 Mass. 237, 247 (1965). *Commonwealth v. Pettijohn,* 4 Mass. App. Ct. 847 (1976).

Grayson has not shown that any prejudice resulted from that variance. The indictment alleged all necessary elements of the charge of assault and battery by means of a dangerous weapon. Moreover, Grayson was informed by the Commonwealth's bill of particulars that the Commonwealth intended to proceed against him on a theory of "joint criminal enterprise." As the testimony at trial permitted a finding that Grayson had intentionally assisted in the robbery and had acquiesced in Brimage's kicking of the victim, the jury were warranted in finding Grayson guilty of the offense solely from his participation in the common enterprise. *Commonwealth v. Morrow,* 363 Mass. 601, 609 (1973). *Commonwealth v. Gallagher,* 4 Mass. App. Ct. 661, 662 (1976). The challenged wording of the indictment was properly ignored by the judge as surplusage. *Commonwealth v. Jarrett,* 359 Mass. 491, 496 (1971).

3. Finally, Grayson argues error in the denial of his motion for a directed verdict on the indictment which charged him with unlawfully carrying a firearm under his control in an automobile. In reviewing the denial of a motion for a directed verdict, we view the evidence in its aspect most favorable to the Commonwealth. *Commonwealth v. Mangula,* 2 Mass. App. Ct. 785, 786 (1975). *Commonwealth v. Gray, ante,* 296, 298 (1977). Having done so, we conclude that there was sufficient evidence to warrant a reasonable inference that Grayson had personal knowledge of the presence of the handgun in the automobile and that the case was properly submitted to the jury. There was evidence before the jury which would permit them to find that a .45 caliber pistol was found by one of the police officers in the automobile in which Grayson was riding prior to his arrest and that the pistol was the same gun which had been used in the robbery and assault. That evidence in turn supported an inference that Grayson was aware of the pistol's pres-

ence in the automobile and that he had exercised control over the pistol, either individually or in conjunction with the other defendants. *Commonwealth* v. *Miller,* 297 Mass. 285, 286-287 (1937). *Commonwealth* v. *Gizicki,* 358 Mass. 291, 297 (1970). See also *Commonwealth* v. *Albano,* 373 Mass. 132, 135 (1977).

*Judgments affirmed.*