COMMONWEALTH *vs.* ROBERT STEVEN. No. 90-P-297. November 2, 1990. *Controlled Substances. Practice, Criminal,* Severance, Continuance, Judicial discretion.

The defendant appeals from his conviction by a jury of six for possession of cocaine with intent to distribute in violation of G. L. c. 94C, § 32A. On appeal, he claims error in the judge's denial of his motions to continue and to sever his trial, made after his codefendant absented himself from the trial. We affirm the conviction.

Prior to trial, the defendant and codefendant filed motions to suppress on the ground that the police lacked probable cause to arrest. At the hearing on these motions (which were denied), the codefendant testified, without objection, on examination by his counsel as follows:

> CODEFENDANT'S COUNSEL: "Did [the defendant] know of any items that might have been in your pocket? Was [the defendant] aware of that?"

> CODEFENDANT: "No, sir."[1]

The case was called for trial six days after the hearing on the motions to suppress. After empanelment and opening statements of all counsel, there was a luncheon recess. The codefendant did not return after the recess. The trial judge continued the trial until the following day in order to give the Commonwealth and codefendant's counsel time to ascertain the whereabouts of the codefendant. On the following day, the judge ordered the trial to resume in the absence of the codefendant. Defense counsel then

---

[1]The defendant's counsel had the opportunity to cross-examine at the suppression hearing and asked the codefendant whether he had "testified that [the defendant] didn't know that you had drugs on your possession that day."

filed written motions to continue and to sever the trial, which were denied, and the trial proceeded.

The Commonwealth's case rested on the testimony of two police officers. We summarize that testimony. The officers observed the defendant and codefendant loitering in a high crime area on a street corner in Springfield. While under surveillance, an unknown male approached the defendant and codefendant and handed paper currency to the defendant. The codefendant then pulled out a plastic bag from his right pants pocket, removed a small item from that bag, and handed it to the unknown male. The officers, experienced narcotics investigators, testified that this conduct was consistent with a drug transaction. As a result, they immediately arrested and searched the defendant and codefendant. The defendant had in his possession seventy dollars in cash but no narcotics; the codefendant had a plastic bag, itself containing four small plastic bags, each of which contained cocaine.

At the trial, the defendant testified that he had just encountered the codefendant on the street, he had not seen him in several years, he had no knowledge that the codefendant had cocaine in his possession, and no one had approached them prior to their arrest.

1. *Motion to sever.* The defendant's motion to sever was based upon (1) a claim of prejudice occasioned by the codefendant's flight, and (2) the need to introduce his codefendant's testimony from the motion to suppress hearing to substantiate his claim that he had no knowledge of his codefendant's possession of cocaine.

We address first the claim of prejudice arising from the codefendant's flight. The decision whether to sever lies within the sound discretion of the trial judge. *Commonwealth* v. *Helfant*, 398 Mass. 214, 230 (1986). *Commonwealth* v. *Vieira*, 401 Mass. 828, 836 (1988). The defendant bore the burden to show that prejudice would result from the failure to sever and that the prejudice was beyond the curative powers of the court's instructions. *Commonwealth* v. *Gallison*, 383 Mass. 659, 671 (1981). On the facts of this case, the mere flight of the codefendant standing alone does not give rise to prejudice (see *Commonwealth* v. *Clark*, 5 Mass. App. Ct. 673, 676-677 [1977]) so compelling that it prevented the defendant from obtaining a fair trial. *Commonwealth* v. *Moran*, 387 Mass. 644, 658 (1982). Here, any prejudice to the defendant was alleviated by the judge's instructions, without objection from the defendant, that no adverse inference could be drawn from the codefendant's absence.

Nor was there a basis for severance on the ground that the codefendant's testimony at the suppression hearing (that the defendant was unaware of the codefendant's possession of cocaine) would have been inadmissible at the defendant's trial. In order for the testimony to be admissible in a subsequent proceeding, it must have been given "in a proceeding addressed to substantially the same issues as in the current proceeding, with reasonable opportunity and similar motivation on the prior occasion for

cross-examination of the declarant by the party against whom the testimony is now being offered." *Commonwealth* v. *Ortiz*, 393 Mass. 523, 532 (1984), quoting from *Commonwealth* v. *Meech*, 380 Mass. 490, 494 (1980). "[T]his [is] to ensure 'that the former handling of the witness was the equivalent of what would now be done if the opportunity were presented.'" *Commonwealth* v. *Meech*, *supra* at 495, quoting from the Advisory Committee's notes to Fed.R.Evid. 804(b)(1).

In the circumstances of this case, the issues in the two proceedings were not substantially the same and the motive for cross-examination was not similar. At the suppression hearing, the issue was one of probable cause to arrest; at trial, the issue was the guilt or innocence of the defendant. At the suppression hearing, the Commonwealth would have had no reason to object to the codefendant's statement that the defendant did not know that the codefendant had cocaine in his pocket. This evidence was irrelevant to the court's determination whether the police officers' observations and information sufficed for probable cause to arrest. At trial, the Commonwealth would have every reason to object to this statement, since the defendant's knowing possession is one of the elements of the crime that must be proved by the Commonwealth.

There is also no merit to defendant's argument that severance was required because of the judge's remark about a "defendant . . . strolling in about an hour afterwards . . . ." From the record, it is not possible to determine in what context the comment was made or even if it was overheard by the jury (although it appears unlikely that the statement was made in the presence of the jury). Defense counsel did not raise any objection. If this remark was overheard by the jury, any prejudice was cured by the judge's clear and forceful instructions that they were not to consider anything that he had done during the trial in reaching a verdict and that no adverse inference was to be drawn from the codefendant's absence. See *Commonwealth* v. *Gallison*, *supra* at 671.

2. *Motion to continue.* The denial by the judge of the motion to continue to allow the defendant to obtain a transcript of the motion to suppress hearing was not an abuse of discretion. "In considering a request for continuance, a trial judge should balance the movant's need for additional time against the possible inconvenience, increased costs, and prejudice which may be incurred by the opposing party if the motion is granted. He must also give due weight to the interest of the judicial system in avoiding delays which would not measurably contribute to the resolution of a particular controversy." *Commonwealth* v. *Cavanaugh*, 371 Mass. 46, 51 (1976), quoting from *Commonwealth* v. *Gilchrest*, 364 Mass. 272, 276-277 (1973). Absent severance, a continuance would not have aided the defendant because the suppression testimony would have been inadmissible without the consent of the codefendant's counsel (*Commonwealth* v. *Coyne*, 372 Mass. 599, 602 [1977], citing *Simmons* v. *United States*, 390

U.S. 377, 389-394 [1968]), and there was no showing that this would be forthcoming.

Even if his consent was obtained, the testimony was subject to the same evidentiary objections which could have been voiced if severance was allowed.

*Judgment affirmed.*

*James A. Couture* for the defendant.

*Elizabeth Dunphy Farris*, Assistant District Attorney, for the Commonwealth.