Fabricant, Judith, J.
INTRODUCTION
The defendant and a co-defendant, Devon Brown, are charged with robbery. The defendant moves to *114 sever his case from Brown’s, and to exclude certain evidence at a separate trial. For the reasons that will be explained, the motion will be denied.
BACKGROUND
The Commonwealth is expected to offer evidence as follows. On December 28, 2003, at approximately 7:00 p.m., Laura Goodale was walking on a sidewalk in the Coolidge Comer area of Brookline. As two men passed her, one grabbed her purse. She reported the incident to police, giving a description of the two men. Soon thereafter, Officer Weinstein observed a car in the vicinity, driven by the defendant, with Brown in the passenger seat. The two fit the description of the robbers. Upon making eye contact with the officer, Brown slumped down in his seat. Weinstein and other officers stopped the car, whereupon Brown fled from the police, running down the street, into an alley, and into the back of a business. When police found him there, he stated “All right, you got me.” Later, upon being asked why he had run, Brown said that he had outstanding warrants, which in fact he did. At separate show-ups, Ms. Goodale and a bystander identified both defendants. Ms. Goodale also identified clothing found in the car.
DISCUSSION
The defendant contends that Brown’s flight, as well as his slumping in his seat, are equivalent to statements tending to incriminate himself, and by implication the defendant, and that evidence of such conduct, as well as evidence of Brown’s actual oral statements, would violate his right of confrontation, as elucidated in Bruton v. United States, 391 Mass. 123 (1968). The defendant relies particularly on Commonwealth v. Kincaid, 444 Mass. 381 (2005). On that basis, heseeks to sever his trial from that of Brown. The defendant’s Motion in Limine also seeks to exclude evidence that Brown was identified as the other perpetrator.
The Massachusetts Appeals Court has articulated the Bruton rule as follows:
Severance of trials is required under the Bruton rule when a substantial risk arises that in determining a particular defendant’s guilt the jury will rely on “powerfully incriminating extrajudicial statements” which are admissible only against a different defendant . . . Separate trials are indicated when a codefendant’s admissions so incriminate the particular defendant as to cast doubt on the jurors’ abiliiy to comply with the judge’s instructions limiting their consideration of the admissions ... However, when the adverse effect of a codefendant’s admissions on a particular defendant is only indirect or incidental, severance is not constitutionally compelled, and careful limiting instructions by the judge may be sufficient to protect the particular defendant’s interests.
Commonwealth v. Clark, 5 Mass.App.Ct. 673, 676 (1977) (citations omitted).
Kincaid, supra, on which the defendant principally relies, did not involve a question of severance. Rather, in that case the Supreme Judicial Court affirmed a trial judge’s order for a new trial, where the trial judge found that jurors had learned through a source or sources extraneous to the evidence that the co-venturer had fled prior to trial, under circumstances supporting an inference that he had taken with him a videotape of the incident, suggesting that the videotape would refute the defense version. On those facts, the Court concluded, the judge had not erred in finding that the Commonwealth had failed to meet its burden of proving beyond a reasonable doubt that the jury’s exposure to extraneous matter had not prejudiced the defendant. See Kincaid, 444 Mass. at 389-90. The Court expressly distinguished cases holding that evidence of a co-defendant’s flight does not require severance. See id. at 390-91, citing Commonwealth v. Pontes, 402 Mass. 311, 314-15 (1988); Commonwealth v. McGrath, 358 Mass. 314, 321 (1970); Commonwealth v. Steven, 29 Mass.App.Ct. 978, 979 (1990); Commonwealth v. Clark, 5 Mass.App.Ct. 673, 676-77 (1977).
Pontes, supra, is typical of those cases. There the Court found no error in the denial of a motion to sever despite the presentation of evidence that a co-defendant had fled the Commonwealth after the crime. The Court concluded that,
Even assuming as correct the doubtful proposition that Pontes’s act of fleeing may be deemed an extrajudicial admission of guilt within the meaning of Bruton, evidence of Pontes’s flight contains no direct inculpation of defendant MacLean and only limited indirect implication of his guilt. In such a case, an appropriate instruction is enough to obviate Bruton concerns.
402 Mass. 314-15 (citations omitted).
This case involves no extraneous matter, and indeed no flight or default after the fact, comparable to that in Pontes and the other cases cited. Rather, the flight here occurred within minutes of the crime, immediately upon the police stop of the two defendants, and prior to the show-up identifications. In that respect, it is an integral part of the facts of the case. Even were the co-defendants tried separately, evidence of Brown’s flight would be necessary to present a complete account of the event, including the roles of the various officers, and the timing of the identifications; its exclusion, as the defendant proposes, would present the jury with a version that would be misleadingly incomplete. Brown’s slumping in the car is similar; evidence of that gesture is necessary to the jury’s understanding of the full basis for the stop, and for that reason would be admissible even in a separate trial of this defendant. Any risk of prejudice from such evidence can be cured by appropriate limiting instructions.[1]
*115 Brown’s two verbal statements stand on somewhat different footing. His statement that “you got me,” although ambiguous in context, may well be understood as an admission of guilt in the robbery, indirectly implicating his companion as well. His explanation of why he ran may have the opposite effect, but may tend to cause the jury to view this defendant unfavorably by association. Although neither statement is “powerfully incriminating,” neither is necessary to a complete presentation of the facts of the event, and neither is properly admissible against this defendant. Accordingly, as a matter of discretion, the Court will deny the motion to sever on the condition that, if the Commonwealth chooses to try the defendants together, it will not be permitted to offer in evidence these two statements of Brown.[2]
The defendant’s motion in limine seeks to exclude from evidence against him, in addition to Brown’s conduct and statements, the witnesses’ identification of Brown. The defendant offers no basis for such exclusion, and none appears. The witnesses observed two participants in the crime, and the defendant was located with Brown within minutes thereafter. That the defendant was in the company of a person identified as one of the two participants so soon after the event tends to support an inference that he was the other participant, and thereby to corroborate the witnesses’ identification of him. That the witnesses identified Brown as one of the two participants is therefore relevant to the question of his own participation, and is properly admitted against him.
CONCLUSION AND ORDER
For the reasons stated, the Defendant’s Motion to Sever is DENIED, provided that, if the Commonwealth chooses to try the charges against this defendant together with those against co-defendant Brown, it may not offer in evidence at trial the two oral statements of Brown. The Defendant’s Motion in Limine is DENIED.

 The Commonwealth’s opposition to the defendants’ motions does not suggest that Brown’s conduct, to the extent that it might be viewed as communicative, would be admissible against this defendant as statements of a co-venturer. Accordingly, the Court does not address that possibility.

 The motions before the Court do not address the question whether this defendant would be permitted, if he chose to do so, to offer in evidence Brown’s explanation for his flight. The Court makes no ruling on the point.