Macdonald, D. Lloyd, J.
Before the Court is the defendant Commonwealth’s motion to dismiss the plaintiffs complaint brought under the Commonwealth’s Wrongful Conviction Statute, G.L.c. 258D. The motion is DENIED.
The defendant was convicted of conspiracy and second degree murder in connection with the death of a certain Michael Koza in Pittsfield in October 1959. His conviction was affirmed by the SJC in 1961. Commonwealth v. Dougherty, 343 Mass. 299 (1961). He was sentenced to life, but the conviction was reversed by the SJC in 1970 on account of a violation of the then-new “Bruton” rule.[1] Kiley v. Commonwealth, 358 Mass. 800 (1970). In the 1970 case the SJC held:
Tested by [the Bruton] rule, the petitioner’s convictions cannot stand. Police officers testified to a statement incriminating the petitioner made to them in the petitioner’s absence by one Polcaro then a codefendant. Polcaro did not testify. The limiting instructions given by the judge, viewed retrospectively under the Bruton rule, were as a matter of law unavailing. It is difficult for us now to say to the degree of certainty required from a rereading of the record that the retroactive error was harmless.

Id.

Following the reversal, the District Attorney entered a nolle prosequi in lieu of retrying the defendant.
The Commonwealth’s motion to dismiss here is based on two independent grounds. It submits, first, that the plaintiffs suit was brought untimely and, second, that the plaintiff does not fall within the eligible class of claimants to pursue a claim under the Wrongful Conviction Statute.
Timeliness
The plaintiff did not file this action until June 6, 2011. Under the statute, as one who had been allegedly exonerated prior to the December 30, 2004 effective date of the statute, he had three years from that date to file his action. G.L. 258D, §3. Accordingly, the plaintiff was obligated to file the action on or before December 30, 2007. Indisputably, he did not do so in this Suffolk County action. However, in his response to the Commonwealth’s motion, the plaintiff (who is proceeding pro sé) submitted plausible evidence that in December 2007 he did file a substantially identical action, which the Berkshire County clerk’s office lost track of under improbable circumstances. Therefore, there exists a material issue of fact as to the statute of limitations issue on a theory of equitable estoppel. See, e.g., Pagliarini v. Iannaco, 440 Mass. 1032, 1033 (2003).[2]
Eligibility
The plaintiff is proceeding under section 1(B) (ii) of the statute, which requires that the reversal of his conviction have been based “on grounds which tend to establish the innocence of the individual.” In Guzman v. Commonwealth, this phrase was held to mean that the reversal was on account of “grounds resting on facts and circumstances probative of the proposition that the claimant did not commit the crime.” 458 Mass. 354, 360 (2008), quoting the Appeals Court’s earlier decision in Guzman.
As noted, the plaintiffs conviction was reversed on account of the Bruton rule, namely, that his 6th Amendment right of confrontation was violated by a police officer’s testimony about a conversation with one of the plaintiffs non-testifying co-defendants that implicated the defendant. The SJC in Guzman identified Bruton-based reversals as ones which while *94 “ ‘consistent’ with innocence [are] without any tendency to establish it.” Id. at 358 (emphasis in the original) and at 358 n.6.
While this language would appear to exclude the plaintiff, the SJC further held that “we do not discern a legislative intent that the determination of eligibility be tantamount to a testing of the merits of a claimant’s case.” Id. at 360-61.
On the record before the Court, it is impossible to evaluate how significant the particular evidence excluded on Bruton grounds was to the outcome of the original trial. However, we do know that the SJC in its decision reversing the plaintiffs conviction held, as quoted above, that the error was not “harmless.” 358 Mass. 800.
Under the circumstances, the Court is compelled to conclude that the complaint presents a factual issue that cannot be disposed of on the pleadings.[3]
ORDER
The defendant Commonwealth’s motion to dismiss is DENIED.

 Bruton v. United States, 391 U.S. 123 (1968).

 With materials outside the pleadings having been submitted, the Court considers the motion as one for summary judgment pursuant to Rule 12(b) and Rule 56.

 The Court attaches significance to the fact that in a companion case to Guzman, Drumgold v. Commonwealth, 458 Mass. 367 (2010), there was a spirited dissent by two members of the Court which took issue with the majority’s permissive interpretation of the eligibility language of the statute. The dissent noted: “The Legislature is presumably aware of the important distinction between grounds tending to establish innocence and those tending to support dismissal, acquittal, or reversal of a criminal charge on other grounds.” Id. at 379. Here, the plaintiff received a new trial in 1970 on the basis of a reinterpretation of the remedial scope of the 6th Amendment, not on the basis of his innocence of the underlying charges. Nevertheless, the practical direction' discerned by this Court from Guzman and Dmmgold is that one in the plaintiffs situation is entitled to the opportunity to establish an evidentiary record that his reversal was predicated in fact on a material change of the inculpatory thrust of the evidence that remained against him.