NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-902

COMMONWEALTH

vs.

ARTEM VASILEVICH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in the Superior Court, the defendant, Artem Vasilevich, was convicted of possession with intent to distribute a class A substance.[1]  On appeal, he argues that (1) the judge erred in denying his motion for a required finding of not guilty because the Commonwealth presented insufficient evidence to prove constructive possession, and (2) the Commonwealth's references to the defendant as the

---

[1] The defendant was charged with trafficking in a controlled substance, heroin, but convicted of the lesser included offense of possession with intent to distribute a class A substance. The defendant was found not guilty of trafficking in a controlled substance, cocaine, and unlawful distribution of a class A substance.

"target" of the investigation constituted error that created a substantial risk of a miscarriage of justice.  We affirm.

Background.  We summarize the facts the trial judge could have found, viewing the evidence in the light most favorable to the Commonwealth.  See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  In November 2018, Springfield police officers were investigating drug-related activity at an apartment on Genesee Street in Springfield.  The target of the investigation was the defendant.  During surveillance of the apartment, officers saw people approaching and entering the apartment and leaving soon (one to two minutes on average) after arrival.  On November 30, 2018, officers obtained a warrant to search the apartment.

On December 5, 2018, at approximately 12:30 P.M., prior to executing the search warrant, an officer surveilling the apartment saw a turquoise truck arrive at the apartment.  A male passenger got out of the truck, made a brief telephone call, entered the apartment, left the apartment one to two minutes later, reentered the truck, and left the area.  Soon thereafter, a separate team of officers stopped the truck and recovered nine bags of heroin, all bearing a stamp with the word "fire," from the passenger.

That same day, at approximately 12:45 P.M., the same officer surveilling the apartment saw a Hispanic woman leave the

2

apartment while "carrying a blue and black soft nylon lunch box or lunch bag." The woman entered a gray Nissan Altima and drove away. Officers then stopped the vehicle and as they approached and asked her to step out of the vehicle, the driver, subsequently identified as Shirley Pena, immediately stated "It's not mine. It's his." The officers arrested Pena, and a search of the lunch bag revealed a large amount of heroin and cocaine, a scale, packaging materials, jars, and a "grinder." The many bags of heroin all had a stamp bearing the word "fire." A search of Pena also led to the recovery of keys to the surveilled apartment.

At approximately 1 P.M., officers executed the search warrant and entered the apartment. While in the entryway, officers noted a wood plank, referred to as a "New York style lock," which can be used to prevent entry.[2] Inside the apartment, officers found the defendant and a woman named Wanda Perez in bed in the front bedroom.[3] Therein, the officers found male and female clothing, a Columbia gas bill addressed to the defendant, a scale in the nightstand, a black purse containing a

---

[2] The Commonwealth introduced testimony from a narcotics distribution expert who explained that a "New York"-style lock is often used in "drug houses" to reinforce the door to prevent police or persons trying to rob the occupants from entering.

[3] Perez was tried as a codefendant and likewise convicted only of the lesser included offense of possession with intent to distribute a class A substance.

cutting agent, a brown purse containing bags of heroin stamped with the word "fire," $40 in cash, and a key to the rear door of the apartment. In a different bedroom, officers found a green backpack containing cash in the amount of $1,562. In the living room and kitchen areas, an officer found another Columbia gas bill addressed to the defendant, three scales in a pantry, and plastic "blowout bags" used to package narcotics. Each of the 1,560 bags of heroin had the stamp bearing the word "fire."

Discussion. 1. Denial of required finding. The defendant argues that the Commonwealth failed to present sufficient evidence that the defendant knew about or had the intent to exercise dominion and control over the drugs and thus failed to prove the element of constructive possession. We are not persuaded.

We review the sufficiency of the evidence to determine "whether after viewing the evidence in the light most favorable to the [Commonwealth], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis and citation omitted). Latimore, 378 Mass. at 677. "If, from the evidence, conflicting inferences are possible, it is for the [factfinder] to determine where the truth lies, for the weight and credibility of the evidence is wholly within [her] province." Commonwealth v. Lao, 443 Mass. 770, 779 (2005), S.C., 450 Mass. 215 (2007) and 460 Mass. 12

4

(2011).  In addition, "[c]ircumstantial evidence is competent to establish guilt beyond a reasonable doubt . . . and the reasonable inferences drawn from such evidence need not be necessary or inescapable, only reasonable and possible" (quotations and citation omitted).  Commonwealth v. MacCormack, 491 Mass. 848, 854 (2023).

Here, the defendant challenges the element of possession. Possession of a controlled substance may be established by circumstantial evidence and reasonable inferences drawn from it. See Commonwealth v. Brzezinski, 405 Mass. 401, 409 (1989).  The Commonwealth must present sufficient evidence to permit a rational factfinder to infer the defendant's knowledge of the contraband, and his ability and intention to exercise dominion and control over it.  See Commonwealth v. Proia, 92 Mass. App. Ct. 824, 830 (2018).  While mere presence alone is insufficient, contraband found in proximity to the defendant's personal effects, and the defendant's relationship to the location within an apartment, may provide a sufficient nexus.  See Commonwealth v. Hamilton, 83 Mass. App. Ct. 406, 411-413 (2013); Brzezinski, supra at 409-410.

Here, the circumstantial evidence and the reasonable inferences drawn therefrom establish the defendant's relationship to the bedroom and the apartment in which the drugs and contraband were found.  See Commonwealth v. Frongillo, 66

5

Mass. App. Ct. 677, 683 n.13 (2006) ("[W]hen the defendant is present at or near the scene where the contraband is found . . . [his] behavior . . . generally provides a basis upon which the court determines whether there was sufficient evidence relating to possession, including . . . proximity to contraband in plain view or hidden").  Our conclusion is bolstered by the presence of utility bills in the defendant's name as well as Pena's statement that the contraband was not hers, but "his," which the factfinder could have inferred as a reference to the defendant. Put simply, the totality of evidence and the inferences that could be reasonably drawn therefrom were sufficient to establish the defendant's knowledge and ability to exercise dominion and control over the drugs.

2.  Defendant as target of investigation.  The defendant next claims that the police testimony that the defendant was the "target" of the investigation constituted impermissible propensity evidence.  Where the defendant did not object to this evidence at trial our review is limited to whether there was any error, and if so, whether that error created a substantial risk of a miscarriage of justice.  See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999).

Here, the brief references, viewed in context, set the stage and explained what impelled the officers to surveil and investigate the apartment and persons therein.  See, e.g.,

6

Commonwealth v. Cohen, 412 Mass. 375, 393 (1992). But even assuming, arguendo, that the testimony was improper, it did not create a substantial risk of a miscarriage of justice. In this jury-waived trial, we presume that the judge correctly instructed herself on the law, and there is nothing in the present record that suggests she did not do so. See Commonwealth v. Watkins, 63 Mass. App. Ct. 69, 75 (2005) ("judges in jury-waived trials are presumed to know and correctly apply the law"). We further note that the judge acquitted the defendant of two of the three charges and convicted the defendant only of the lesser included offense of possession with intent to distribute a class A substance, which tends to negate any claim of prejudice. Cf. Commonwealth v. Lassiter, 80 Mass. App. Ct. 125, 132 (2011); Commonwealth v. Sosnowski, 43 Mass. App. Ct. 367, 372 (1997) ("difficult to find that the admission of the evidence caused prejudice where [the

defendant was acquitted] on two of the three indictments").

Accordingly, the defendant's claim is unavailing.[4]

<u>Judgment affirmed</u>.

By the Court (Meade, Neyman &
  Walsh, JJ.[5]),

Clerk

Entered:  November 6, 2025.

---

[4] In his opening brief, the defendant also argued that the trial judge relied on improper considerations at sentencing. The defendant withdrew this argument as "moot" in his reply brief.

[5] The panelists are listed in order of seniority.