COMMONWEALTH *vs.* DALE VINNICOMBE. No. 89-P-812. February 13, 1990. *Burglary. Breaking and Entering. Trespass. Practice, Criminal,* Indictment, Variance.

Charged with breaking and entering a dwelling house in the nighttime with intent to commit a felony (common law burglary) and making an assault on a person lawfully therein (G. L. c. 266, § 14), the defendant

was convicted by a jury of simply "breaking and entering."[1] In the lexicon of Massachusetts crimes there is no such crime as "breaking and entering" unaccompanied by intent to commit a felony or a misdemeanor. See G. L. c. 266, §§ 14, 15, 16, 17, 18, 19, & 20A. There is such a thing as criminal trespass. It consists of entry of, or remaining in, a dwelling house (among other places) without right after having been forbidden so to do. G. L. c. 266, § 120. See *Commonwealth* v. *Richardson*, 313 Mass. 632, 637 (1943). That crime, however, was not charged. The defendant is entitled to have the verdict set aside and judgment entered in his favor.

The defendant conceded that he had made an unpermitted entry but denied intent to do anything other than talk to the victim, to whom he appears to have been in the habit of pouring out his heart. Against the possibility that the jury might not have been persuaded that an assault had occurred, the Commonwealth had suggested that the judge instruct the jury that they might find the lesser included offense of breaking and entering with intent to commit a felony, i.e., that some sort of felony was intended but not carried out. Instead the judge charged the jury that it might find a break and entry had occurred but "not done by the defendant with any specific intent to commit a felony upon any person located therein." Further into his instructions the judge told the jury "the lesser included offense is just the straight breaking and entering without the intent, if you find that is what occurred in this particular matter." With the ground, thus, erroneously laid, the jury returned a verdict of guilty of "[l]esser included offense as follows: breaking & entering."

It is not appropriate to translate the jury's finding into a finding of guilty of criminal trespass, which contains elements which need not be found for breaking and entry with intent to commit a felony, notably entering or remaining after having been *forbidden* so to do. *Commonwealth* v. *Anolik*, 27 Mass. App. Ct. 701, 712 (1989). See *Kuklis* v. *Commonwealth*, 361 Mass. 302, 306-308 (1972). As to the distinctions between breaking and entry with intent to commit a felony and criminal trespass, see Nolan & Henry, Criminal Law § 410 (2d ed. 1988). A person shall not be made to answer in the Commonwealth for an offense not charged. See *Commonwealth* v. *Grasso*, 375 Mass. 138, 139 (1978); *Commonwealth* v. *Clark*, 5 Mass. App. Ct. 673, 677 (1977); art. 12 of the Massachusetts Declaration of Rights.

As the defendant has not been placed in jeopardy on a charge of trespass, the Commonwealth is free to press a complaint of that crime. Cf. *Commonwealth* v. *Burns*, 8 Mass. App. Ct. 194, 198 n.2 (1979).

*Judgment reversed.*

*Verdict set aside.*

*Judgment to be entered for the defendant.*

---

[1] The jury acquitted the defendant on indictments of assault with intent to rape and indecent assault and battery upon a person over the age of fourteeen.

*Carlo Obligato,* Committee for Public Counsel Services, for the defendant.

*Sean J. Gallagher,* Assistant District Attorney, for the Commonwealth.