SHERMAN ROGAN *vs.* COMMONWEALTH.

Suffolk. February 3, 1993. - June 4, 1993.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ

*Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, Bill of particulars. *Constitutional Law*, Double jeopardy.

The judge at a jury session of the Boston Municipal Court did not abuse his discretion in denying a criminal defendant's pretrial motion for a second bill of particulars where, not only had the defendant been apprised of the nature and character of the crime charged, but in addition the judge had limited the evidence to be introduced at the trial de novo to that which was introduced at the bench trial; accordingly, a single justice of this court, in a proceeding under G. L. c. 211 § 3, did not abuse his discretion in declining to set aside the judge's ruling. [378-379]

Where a defendant at a Boston Municipal Court bench trial was convicted of a lesser offense included within the offense charged in the complaint, and thereafter claimed a de novo trial in the jury session, the de novo trial was to be limited to the lesser included offense; thus denial of the defendant's motion in the jury session for a bill of particulars did not infringe his right not to be placed again in jeopardy for the greater offense of which he was implicitly acquitted. [379-380]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on July 9, 1992.

The case was heard by *Lynch*, J.

*Sherman Rogan*, pro se.

*Paul B. Linn*, Assistant District Attorney, for the Commonwealth.

LIACOS, C.J. Sherman Rogan (defendant) appeals from a judgment of a single justice of this court denying him relief under G. L. c. 211, § 3 (1990 ed.). The defendant sought relief from the denial by a judge of the Boston Municipal Court of the defendant's second pretrial motion for a bill of

particulars and his motion to dismiss. We affirm the judgment of the single justice.

The defendant originally was charged in the Boston Municipal Court with breaking and entering in the night time with the intent to commit a felony. See G. L. c. 266, § 16 (1990 ed.). The defendant owned an apartment building in Boston and, after a dispute with a tenant over the terms of the tenancy, allegedly entered the tenant's apartment, removed the front door from its hinges, and removed most of the tenant's possessions, nearly all of which were later returned.

Prior to the bench trial, the defendant moved for a bill of particulars pursuant to Mass. R. Crim. P. 13 (b) (1), 378 Mass. 871 (1979).[1] This motion was granted. The Commonwealth's response included a statement that larceny was the felony that the defendant intended to commit when he broke and entered the tenant's home. Subsequently, the Commonwealth amended the complaint to charge the defendant with breaking and entering in the day time with the intent to commit a felony. See G. L. c. 266, § 18 (1990 ed.).

The defendant waived his right to an initial jury trial, and, after a bench trial, was found guilty of so much of the complaint as charged him with breaking and entering in the day time with the intent to commit a misdemeanor. Dissatisfied with this result, he appealed to the jury session of the Boston Municipal Court for a trial de novo.

In the jury session, the defendant moved for a second bill of particulars, asking that the Commonwealth specifically identify the misdemeanor he allegedly intended to commit. The motion judge denied his motion but ruled that the Commonwealth would be limited at the jury trial to the evidence it had introduced at the bench trial. The defendant then moved to dismiss the complaint, arguing that the verdict from the bench trial amounted to an improper amendment of

---

[1]Rule 13 (b) (1) provides that a criminal defendant may request a "statement of such particulars as may be necessary to give both the defendant and the court reasonable notice of the crime charged, including time, place, manner, or means."

the complaint and the bill of particulars in violation of Mass. R. Crim. P. 13 (b) (2).[2] He also argued that a trial in the jury session would subject him to being placed twice in jeopardy in violation of the United States Constitution and the Massachusetts Constitution. The judge denied the latter claim.

The defendant failed to appear at his scheduled trial in the jury session; a default warrant issued. Seven months later, he was arrested on the warrant, the default was removed, and a trial was rescheduled.[3]

The defendant petitioned a single justice in the county court, pursuant to G. L. c. 211, § 3, to reverse the denial of his motion for a bill of particulars and his motion to dismiss. The single justice denied the petition and a subsequent motion for reconsideration, and the defendant filed this appeal.

This court will not reverse a single justice's denial of a petition brought pursuant to G. L. c. 211, § 3, unless the single justice abused his or her discretion or made a clear error of law. *Schipani* v. *Commonwealth*, 382 Mass. 685 (1980). There was no error or abuse of discretion.

1. *Bills of particulars.* "The purpose . . . of specifications in a bill of particulars . . . is to give a defendant reasonable knowledge of the nature and character of the crime charged . . . and the effect, when filed, is to bind and restrict the Commonwealth as to the scope of the indictment and to the proof to be offered in support of it" (citations omitted). *Commonwealth* v. *Hare*, 361 Mass. 263, 267-268 (1972), quoting *Commonwealth* v. *Iannello*, 344 Mass. 723, 726 (1962). Whether to grant a motion for a bill of particulars is left to the discretion of the judge. *Commonwealth* v. *Baron*, 356 Mass. 362, 364 (1969).

The Municipal Court judge did not abuse his discretion in denying the defendant's motion. Not only had the defendant

---

[2]Rule 13 (b) (2) provides: "If at trial there exists a material variance between the evidence and bill of particulars, the judge may order the bill of particulars amended or may grant such other relief as justice requires."

[3]Those proceedings are stayed pending this appeal.

been apprised of the "nature and character of the crime charged," *Hare, supra* at 268, but the judge limited the evidence to be introduced at the trial de novo to that which was introduced at the bench trial. This is *more* than a second bill of particulars would provide. See *Commonwealth* v. *Amirault*, 404 Mass. 221, 233-234 (1989) (defendant not entitled in bill of particulars to secure résumé of Commonwealth's evidence). The judge did not abuse his discretion by denying Rogan's request that the Commonwealth specify the underlying misdemeanor he allegedly intended to commit, because the particular misdemeanor would not become an element of the crime charged, and indeed, the jury could find the intent to commit an unspecified misdemeanor. See *Commonwealth* v. *Corcoran*, 348 Mass. 437, 441 (1965). See also *Commonwealth* v. *White*, 353 Mass. 409, 412-413 (1967), cert. denied, 391 U.S. 968 (1968). Also, we note that breaking and entering in the day time with the intent to commit a misdemeanor could, in the proper circumstance, involve an intent to commit a criminal trespass. See *Commonwealth* v. *Vinnicombe*, 28 Mass. App. Ct. 934, 935 (1990); G. L. c. 266, § 120 (1990 ed.).

Because the presiding judge acted well within his discretion in denying the defendant's motion for a bill of particulars, it follows, a fortiori, that the single justice did not abuse his discretion in declining to reverse the judge's ruling.

2. *Double jeopardy.* The defendant also argues that his motion to dismiss should have been granted because the judge's denial of his motion for a second bill of particulars subjected him to being twice placed in jeopardy. His argument appears to be that, because the Commonwealth specified larceny as the underlying felony in the original bench trial, and the judge found him guilty of breaking and entering with the intent to commit a misdemeanor, by not allowing a second bill of particulars, the judge is allowing the Commonwealth to try the defendant again for breaking and entering with the intent to commit a felony, although he was implicitly acquitted of that charge in the bench trial. We perceive no such likelihood. Clearly, the entry of a finding at

the bench trial of guilty on the lesser offense only precludes the retrial of the greater offense. *Commonwealth* v. *Burke*, 342 Mass. 144 (1961). Cf. *Commonwealth* v. *Nardone*, 406 Mass. 123, 132-134 (1989).

Merely because the Commonwealth stated in the first bill of particulars that the intended felony was larceny, it is not bound, in the de novo trial, to prove that the defendant intended to commit the felony of larceny. By finding the defendant guilty of breaking and entering with the intent to commit a misdemeanor, the judge has limited the charge to that crime. Dismissal of the complaint was not required under principles of double jeopardy. The defendant voluntarily appealed de novo from his conviction of a lesser included offense after a bench trial. The court has ruled that: "no double jeopardy is involved . . . when a criminal defendant voluntarily elects to accept the consequences of a procedure such as the optional two-tier system now in effect in the Commonwealth." *Lydon* v. *Commonwealth*, 381 Mass. 356, 365, cert. denied, 449 U.S. 1065 (1980). See *Costarelli* v. *Commonwealth*, 374 Mass. 677, 683 (1978) (dismissal appropriate where Commonwealth sought second bench trial on lesser included offense). The single justice did not err in declining to reverse the judge's denial of the defendant's motion to dismiss.

*Judgment affirmed.*