KENNETH E. STAFFORD, JR. *vs.* COMMONWEALTH. March 31, 1995. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, "Two tier" court system. *Due Process of Law*, Right to trial. *Constitutional Law*, Ex post facto law.

The petitioner (whom we shall call the defendant) is charged with motor vehicle homicide in the District Court. The offense allegedly occurred on

October 11, 1993; the victim apparently died in the middle of November; and a citation issued on November 22, 1993. The defendant promptly requested a clerk-magistrate's hearing pursuant to G. L. c. 90C, § 3 (B) (2) (1992 ed.). That hearing did not occur until March 10, 1994. After the hearing, a complaint issued. The defendant unsuccessfully moved for an order that he was entitled to proceed under the de novo system, that is, to have a bench trial with the right thereafter to obtain a jury trial if convicted at the bench trial. The defendant next unsuccessfully sought relief from a single justice of this court under G. L. c. 211, § 3 (1992 ed.). He has appealed. The issue is whether the single justice committed an error of law or an abuse of discretion. *Rogan* v. *Commonwealth*, 415 Mass. 376, 378 (1993). He did not. We affirm.

The de novo trial system was abolished in the Commonwealth for adult defendants as a result of amendments to G. L. c. 218, § 26A, made by St. 1992, c. 379, § 139. Any action commenced on or after January 1, 1994, is governed by the new one-trial system. See St. 1992, c. 379, § 226, as amended by St. 1993, c. 12, § 9. Section 226, as amended, provides that the "commencement of a criminal action shall be defined as the date of arrest, or in cases not initiated by arrest, the date of the issuance of a criminal complaint." The defendant, who was not arrested and whose complaint issued in 1994, by the terms of the statute, is subject to the one-trial system. He claims, however, that State and Federal due process principles and prohibitions against ex post facto laws require that his rights be governed by the de novo system that was in effect when the offense occurred.

The defendant's loss of the opportunity to have both a bench trial and a jury trial did not deny him due process of law. Although the defendant was on notice of the change in the law, enacted prior to the date of the alleged offenses, and thus had fair warning of the change, nothing in the record indicates that he pressed for a prompt hearing before a clerk-magistrate or that, in the circumstances, the delay was extraordinary or the fault of some State actor.

Nor was any ex post facto principle violated. Even if we were to accept this procedural change as affecting a substantial right (see *News Group Boston, Inc.* v. *Commonwealth*, 409 Mass. 627, 630-631 [1991]), the statute had no improper retrospective application because it had been enacted at the time the offense was allegedly committed. See *Commonwealth* v. *Kelley*, 411 Mass. 212, 215 (1991). Cf. *Miller* v. *Florida*, 482 U.S. 423, 431 (1987); *Murphy* v. *Commonwealth*, 172 Mass. 264, 276-277 (1899), aff'd on other grounds, 177 U.S. 155 (1900).

*Judgment affirmed.*

*James M. DiGiulio* for the petitioner.
*David E. Edmonds*, Assistant District Attorney, for the Commonwealth.