COMMONWEALTH *vs.* RICHARD D. GREENE. March 29, 2012. *Trespass. Breaking and Entering.*

Richard D. Greene was convicted in the District Court of trespass and breaking and entering with the intent to commit a misdemeanor. The Appeals Court, in an unpublished memorandum and order pursuant to its rule 1:28, affirmed the convictions. *Commonwealth* v. *Greene*, 79 Mass. App. Ct. 1117 (2011). We granted Greene's application for further appellate review. Because we conclude that the evidence was insufficient to support the convictions, we reverse and order the entry of judgment for the defendant.

The case arises from Greene's entry into and presence at his childhood home in Williamstown. Greene's mother was at all relevant times the sole owner of the house. Greene, who had moved out of State, returned to the house after his mother moved into a nursing home. On several occasions, police officers arrived at the house and told Greene that one Paul Garbarini, the mother's temporary guardian, wanted him to leave the premises. Greene refused to leave and was taken into custody, and these charges ensued.

The Commonwealth was obligated to prove that Greene entered into or remained on the premises "after having been forbidden so to do by the person who has lawful control of said premises." G. L. c. 266, § 120. Greene denies that Garbarini had lawful control of the property. At trial, the Commonwealth's evidence on this subject was sparse. A police officer testified, without objection, that Garbarini had been placed in charge of the property and that he (the officer) learned this in a telephone call. This testimony, offered to prove Garbarini's lawful control of the property, was hearsay, as the Commonwealth concedes. There was no other evidence supporting the Commonwealth's contention that Garbarini had lawful control of the property. Garbarini did not testify at trial, and no document was in evidence establishing any authority he might have had over the property. The same police officer testified that the sheriff's department had issued a "no trespass" order with respect to the property, but the order itself was not in evidence. The brief testimony about the order neither explained how or by whom it had been procured nor revealed its contents. There was also no evidence in the Commonwealth's case-in-chief

---

that the order had been served on Greene.[1] After reviewing the record in the light most favorable to the Commonwealth, see *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), we conclude that the officer's testimony was insufficient to warrant a finding beyond a reasonable doubt that Greene was excluded from the property by a person having lawful control over it, an essential element of the trespass charge. *Id.* at 677-678 ("[I]t is not enough for the appellate court to find that there was some record evidence, however slight, to support each essential element of the offense; it must find that there was enough evidence that could have satisfied a rational trier of fact of each such element beyond a reasonable doubt"). By the same token, we conclude that there was insufficient evidence that Greene had the intent to commit a trespass (the only misdemeanor suggested by the evidence), an essential element of the breaking and entering charge. See *Commonwealth* v. *Vinnicombe*, 28 Mass. App. Ct. 934, 935 (1990) ("In the lexicon of Massachusetts crimes there is no such crime as 'breaking and entering' unaccompanied by intent to commit a felony or a misdemeanor"). Greene's motion for required findings of not guilty was wrongly denied.

> *Judgments reversed.*
> *Verdicts set aside.*
> *Judgments for the defendant.*

*Russell Fuller* for the defendant.

*Karen Carlo*, Assistant District Attorney, for the Commonwealth.


---

[1]Testifying in his own defense, Greene acknowledged receiving the order, but expressed his belief that it had not been validly procured.