Following a nonjury trial in March, 2016, the defendant was convicted of trespassing in violation G. L. c. 266, § 120. On appeal, he argues that his conviction should be reversed because the Commonwealth presented insufficient evidence that, on the day in question, he was excluded from the property by a person having lawful control over it. We reverse.
1. Background. Trespass is committed where a person "without right enters or remains in or upon the [property] of another ... after having been forbidden so to do by the person who has lawful control of said premises." G. L. c. 266, § 120. An essential element of trespass is that the defendant be ordered off the property by someone with lawful control over the property. Commonwealth v. Greene, 461 Mass. 1011, 1011-1012 (2012).
Here, the Commonwealth's sole evidence that the defendant was excluded from the St. Francis House homeless shelter property by someone with lawful control was Officer Kelvin Ervin's testimony. He testified that, on December 10, 2013 (the day prior to the defendant's arrest), he heard a St. Francis House security staff member tell the defendant that the defendant "had been trespassed on that day for drug activity." Officer Ervin did not know how long the security staff member ordered the defendant excluded from the property. Officer Ervin also testified that the defendant "would be on" a log of excluded persons kept by the shelter.
The defendant left the shelter after being asked by the security staff member, but returned the next day and was arrested by Officer Ervin. Officer Ervin acknowledged the shelter's policy to allow otherwise excluded individuals to enter the shelter on days when the temperature was below freezing, as the Commonwealth stipulated it was on December 11, 2013-the day the defendant was arrested.
2. Discussion. Construed in the light most favorable to the Commonwealth and drawing all reasonable and possible inferences in the Commonwealth's favor, Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), this evidence was insufficient to support a finding beyond a reasonable doubt that, on the day he was arrested, a person with lawful authority excluded him from the property.[2] The Commonwealth neither called the security staff member to testify nor introduced the log, relying instead on the hearsay testimony of Officer Ervin. See Greene, 461 Mass. at 1011-1012. The defendant objected to Officer Ervin's testimony on the ground that it was hearsay, and the Commonwealth does not claim that the testimony fell within any hearsay exception.
Moreover, there was no evidence of the duration of any exclusion order. To the contrary, the temperature was below freezing on the day in question, and the evidence showed that, under such conditions, the shelter's policy was to allow otherwise excluded persons onto the property. Commonwealth v. Rodriguez, 456 Mass. 578, 582 (2010) (evidence is insufficient where "it tends to equally support either of two inconsistent propositions"). The record here is insufficient to support a finding beyond a reasonable doubt that the defendant was excluded on December 11, 2013.
Judgment reversed.
Guilty finding vacated.
Judgment to enter for the defendant.
Vacated.

The defendant did not move for a required finding of not guilty. Accordingly, we review this error to determine whether there is a substantial risk of a miscarriage of justice. However, "findings based on legally insufficient evidence are inherently serious enough to create a substantial risk of a miscarriage of justice." Commonwealth v. Grandison, 433 Mass. 135, 140 n.8 (2001).