NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-500

COMMONWEALTH

vs.

MALIK A. GONCALVES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant was convicted of criminal trespass, in violation of G. L. c. 266, § 120.[1] On appeal, the defendant challenges the sufficiency of the evidence.[2] We reverse.

Background. We summarize the relevant evidence in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). At around 9 P.M. on

---

[1] The defendant was acquitted of charges of carrying a firearm without a license, possession of ammunition without a firearm identification card, and carrying a loaded firearm without a license.

[2] The defendant also raises claims of error in the denial of his motion to dismiss, certain evidentiary rulings and statements by the trial judge, and the trial judge's instructions to the jury. Because we conclude that there was insufficient evidence to support the jury's guilty verdict, we need not address these additional claims.

August 17, 2018, a Brockton police officer on routine patrol saw the defendant sitting on the front porch steps of 3 Goddard Road. The officer described 3 Goddard Road as "a three family house where the front door is typically locked . . . [with] a big conspicuous no trespassing sign . . . on the front of the house."[3] The jury saw photographs of the house that depicted a large sign on the front of the building stating, "NO TRESPASSING. NO LOITERING. POLICE TAKE NOTICE." The same photograph showed another sign directly below the "no trespassing" sign that read, "This area is protected by video surveillance."

When the officer pulled his police cruiser up to the front of the house, neither the interior of the home nor the porch was lit. The officer watched the defendant from his cruiser for approximately ten seconds. He then decided to investigate based on "[p]revious complaints in the neighborhood, [his] knowledge of the neighborhood, [his] knowledge of that specific location, [and his] knowledge that [it] was a no trespassing address." As the officer approached the porch, the defendant stood and began walking away. The officer then "engaged" the defendant by asking for his name and whether he lived at the 3 Goddard Road

---

[3] The officer later testified that the apartments may be broken into smaller units, so there may be as many as six apartments in the building.

2

address.  The officer testified that he could not recall the defendant's response, although it "appeared" to the officer that the defendant did not live there.  He based that conclusion on his impression that "[the defendant's] answers were evasive" and gave as an example that the defendant did not provide his name until the second or third time he was asked.  The officer also testified that the defendant "appeared to be unusually nervous."  He placed the defendant in handcuffs and called for another cruiser.  Shortly thereafter, police located a handgun on the porch of 3 Goddard Road, and they arrested the defendant.

Discussion.  We review the sufficiency of the evidence to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (citation omitted).  Latimore, 378 Mass. at 677.  Under the relevant language of G. L. c. 266, § 120, criminal trespass occurs when a person "without right enters or remains in or upon [the property] of another . . . after having been forbidden so to do by the person who has lawful control of said premises . . . by notice posted thereon."  See Commonwealth v. Grayson, 96 Mass. App. Ct. 748, 756 (2019).

Here, the Commonwealth failed to prove that the defendant was on the property "of another" in the sense that the defendant was not an owner, tenant, or otherwise in "lawful control" of

3

the premises.  See Commonwealth v. Richardson, 313 Mass. 632, 639 (1943).  The Commonwealth did not call the owner or landlord of the multifamily residence as a witness at trial.[4]  Nor did it offer other evidence that the defendant resided elsewhere.[5] Instead, the only proof that the defendant was on the property "of another" was the officer's testimony that the defendant did not "appear" to live at the address because he seemed evasive and declined to provide his name when first asked for it.  This was not sufficient.  Cf. Commonwealth v. Evelyn, 485 Mass. 691, 708 (2020) (based on long history of race-based policing, nervousness, evasiveness, or flight of African-American man from police not necessarily indicative of consciousness of guilt). Even if, as the Commonwealth asserts, the defendant's walking away from the premises as the police officer approached was evidence of consciousness of guilt, that was not enough evidence to establish the defendant's guilt beyond a reasonable doubt. See Commonwealth v. Woods, 466 Mass. 707, 715, cert. denied, 573 U.S. 937 (2014) ("consciousness of guilt alone is insufficient

---

[4] The judge properly excluded hearsay testimony from the officer regarding what the landlord told him.

[5] For example, the Commonwealth did not submit registry of motor vehicle documents that listed the defendant's home address.  We note that the police report, which was appended to the application for a complaint, listed the defendant's Brockton address as 44 Brook Street; however, that information was not presented at trial.

4

to support a guilty verdict").  We therefore conclude that, even taken in the light most favorable to the Commonwealth, the scant evidence presented in this case was not sufficient to warrant a finding beyond a reasonable doubt on the essential element that the defendant entered into or remained on the premises of another.[6]  See Commonwealth v. Greene, 461 Mass. 1011, 1011 (2012) (police officer's hearsay testimony that defendant

---

[6] We need not and do not rest our decision on the defendant's argument that there was no evidence that he was not authorized to be on the property.  We note, however, that our courts have not decided whether proof of a lack of authority is an element of the crime of criminal trespass, or whether authorization is an affirmative defense that the defendant must prove.  See generally G. L. c. 278, § 7 ("A defendant in a criminal prosecution, relying for his justification upon a license . . . or authority, shall prove the same").  Nor do we reach the defendant's argument that the "no trespassing" signs on the house failed to provide him with reasonable notice that his presence on the premises was forbidden.

forbidden to enter mother's property insufficient to show defendant excluded from premises by person with lawful control).

The judgment is reversed, the verdict is set aside, and judgment shall enter for the defendant.

So ordered.

By the Court (Ditkoff, Englander & Brennan, JJ.[7]),

Assistant Clerk

Entered: April 25, 2024.

---

[7] The panelists are listed in order of seniority.