NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-530

COMMONWEALTH

vs.

JILL E. MCGRATH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial, the defendant, Jill E. McGrath, was convicted of breaking and entering with intent to commit a misdemeanor, in violation of G. L. c. 266, § 16A.[1] The misdemeanor was not identified. We affirm.

Background. Because the defendant challenges the sufficiency of the evidence, we summarize the facts in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). On October 19, 2022, the victim was alone in her home when she heard loud knocking at the door. When the victim looked out an upstairs window, she saw the defendant at the door. The defendant had previously

_____

[1] The defendant was also convicted of larceny under $1,200, in violation of G. L. c. 266, § 30 (1), and assault and battery, in violation of G. L. c. 265, § 13A (a). The defendant does not challenge these convictions.

lived in the home with the victim and her husband but had been evicted in March 2022 after the defendant allegedly assaulted the victim.

The victim testified that she ignored the knocking until her dog "went totally insane."  She then looked downstairs and saw the defendant entering her home.  The defendant entered the locked home using keys taken from the victim's car.  Upon seeing the defendant, the victim said to her, "What are you doing in my house?  You don't belong in my house.  Get out of here now."  The defendant told the victim she needed to "get some stuff" and proceeded into the home.  The defendant then collected coats belonging to her that she had not taken when she moved out.

As the defendant left the home with the coats, the victim saw her dog run outside.  The victim ran outside looking for her dog and saw it in the passenger's seat of the defendant's car.  When the victim reached into the car to grab her dog, the defendant closed the window and drove off with the dog, injuring the victim's hand in the process.  The next day, animal control returned the dog after finding it down the street from the victim's home with its collar removed.  The Commonwealth failed to offer evidence that the value of the dog was greater than $1,200.

Discussion.  Though the defendant did not move for a required finding of not guilty at trial, "[w]e consider the

legal sufficiency of the evidence even if a defendant fails to [do so] because 'findings based on legally insufficient evidence are inherently serious enough to create a substantial risk of a miscarriage of justice.'" Commonwealth v. Grandison, 433 Mass. 135, 140 n.8 (2001), quoting Commonwealth v. McGovern, 397 Mass. 863, 867 (1986). We evaluate the sufficiency of the evidence to determine "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (citation omitted). Latimore, 378 Mass. at 677.

The defendant contends that there was insufficient evidence to prove that she had the intent to commit a misdemeanor when she broke and entered the home.[2] See Commonwealth v. Poff, 56 Mass. App. Ct. 201, 203 (2002) (intent to commit predicate offense must be present at time of breaking and entering). In doing so, the defendant mistakenly assumes that larceny (the charge for stealing the victim's dog) is the only possible predicate offense for the breaking and entering conviction. See

_____

[2] A defendant commits breaking and entering with intent to commit a misdemeanor "if he or she '[1] breaks and [2] enters [3] a building [or other covered structure] [4] with intent to commit a misdemeanor.'" Parreira v. Commonwealth, 462 Mass. 667, 672 (2012), quoting G. L. c. 266, § 16A. The defendant challenges the sufficiency of the evidence only as to the intent element.

3

Rogan v. Commonwealth, 415 Mass. 376, 379 (1993) (intent for breaking and entering conviction can be "intent to commit an unspecified misdemeanor"). Although we agree there was not sufficient evidence to show the defendant's intent to commit larceny at the time she broke into and entered the victim's home, there was sufficient evidence to show that she intended to commit criminal trespass.

1. Larceny. At trial, the victim testified, "You know, [the defendant] threatened my husband that she would take the dog once, when my husband was still alive." The defendant contends that this testimony -- the "sole piece of evidence" of her intent to steal the victim's dog when she broke and entered the home -- was inadmissible hearsay and as such, there was insufficient evidence as to her intent to steal the victim's dog.

"We review a judge's evidentiary rulings for an abuse of discretion." Commonwealth v. Andre, 484 Mass. 403, 414 (2020). The defendant did not object to this testimony and there is no basis in the record to support her argument on appeal that the victim did not hear the threat herself but rather heard it from her husband afterwards. The trial judge could have interpreted the testimony the first way, i.e., that the victim heard the defendant's threat, in which case the defendant's statement was not hearsay and thus properly admitted against her.

4

Commonwealth v. Lester, 70 Mass. App. Ct. 55, 61 (2007).  As such, we discern no abuse of discretion in the trial judge's admission of this testimony.[3]

However, even considering the testimony in our analysis, we conclude that the evidence presented was insufficient to prove beyond a reasonable doubt that the defendant intended to commit larceny at the time of her breaking and entering the house.  The victim testified that her dog "ran down the stairs and outside the door," and again repeated, "I saw the dog ran outside.  Actually, [the defendant] was at -- going out the door with the coats, and the dog was following her."  The evidence did not establish that the defendant's intent when she entered the home was to steal the dog as nothing indicated that the defendant encouraged the dog to leave.  See Latimore, 378 Mass. at 677-678 ("[I]t is not enough for the appellate court to find that there was some record evidence, however slight, to support each essential element of the offense; it must find that there was

---

[3] The defendant contends, for the first time on appeal, that trial counsel was ineffective for failing to recognize the victim's testimony about the alleged threat as inadmissible hearsay and failing to object.  Whether the testimony was inadmissible hearsay cannot be determined on this record, however.  And, in any event, given our ultimate conclusion pertaining to larceny as the underlying offense for the breaking and entering with intent to commit a misdemeanor, the defendant was not prejudiced.

enough evidence that could have satisfied a rational trier of fact of each such element beyond a reasonable doubt").

2. Criminal trespass. In contrast, the evidence was sufficient to show that the defendant intended to commit a criminal trespass when she broke and entered the victim's home. The particular misdemeanor is not "an element of the crime charged" and breaking and entering with intent to commit a misdemeanor can "involve an intent to commit a criminal trespass." Rogan, 415 Mass. at 379. A defendant commits a criminal trespass by "without right enter[ing] or remain[ing] in . . . the dwelling house . . . of another . . . after having been forbidden so to do by the person who has lawful control of said premises." G. L. c. 266, § 120.

"[T]he intent to commit a felony at the time of entry may be inferred from the commission of a felony once inside." Poff, 56 Mass. App. Ct. at 203. We see no reason why the same cannot be said of the intent to commit a misdemeanor. It can reasonably be inferred from the fact that the defendant had been removed from the home, returned without permission to find a locked door, and entered anyway that she intended to trespass at the time of the breaking and entering. Moreover, even when confronted and told to leave, the defendant continued to enter the victim's home to collect her belongings.

6

The fact that the Commonwealth charged the defendant with breaking and entering with the intent to commit a felony does not alter this outcome. Absent a request for a bill of particulars, the Commonwealth is not required to specify the intended crime, whether the charge is breaking and entering with intent to commit a felony or a misdemeanor. See Rogan, 415 Mass. at 379. See also Commonwealth v. Hobbs, 385 Mass. 863, 869-870 (1982) (upholding conviction of breaking and entering with intent to commit a felony where indictment specified larceny and judge "informed the jury that a felony could be rape, robbery or homicide, as well as larceny"); Commonwealth v. Scott, 71 Mass. App. Ct. 596, 603 n.8 (2008) ("[T]he judge, in his charge, instructed the jury that the Commonwealth must prove that the defendant 'broke in with the intent to commit a misdemeanor.' In doing so, the judge did not define the elements of any particular misdemeanor, and was not required to do so").

The defendant argues that it offends basic tenets of due process for the Commonwealth to argue on appeal that criminal trespass was the intended crime, where she was charged with breaking and entering with intent to commit a felony and trespass is not a felony.[4]  See Commonwealth v. Lee, 460 Mass.

_____

[4] General Laws c. 266, § 120, states that the punishment for criminal trespass is "a fine of not more than one hundred dollars or by imprisonment for not more than thirty days or both such fine and imprisonment."

7

64, 67 n.3 (2011) ("Arguments on appeal must be based on the theories on which the Commonwealth presented the case at trial"). However, at trial, the Commonwealth did not present a single theory or name a specific crime it contended that the defendant had the intent to commit at the time of the breaking and entering. Furthermore, the Commonwealth presented evidence pertaining to both larceny and criminal trespass at trial. Because breaking and entering with intent to commit a misdemeanor is a lesser included offense of breaking and entering with intent to commit a felony, see id. at 65, the judge could have properly instructed himself accordingly, leading to his ultimate determination that the defendant was guilty of breaking and entering with intent to commit a misdemeanor. See Commonwealth v. Hollister, 75 Mass. App. Ct. 729, 734 (2009) ("We can presume that [the judge] instructed himself, in accordance with the Massachusetts case law").

Judgments affirmed.

By the Court (Henry, Shin & Brennan, JJ.[5]),

Paul Little

Clerk

Entered: July 15, 2025.

---

[5] The panelists are listed in order of seniority.

8