NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13813

COMMONWEALTH  vs.  JILL E. McGRATH.


Worcester.      January 7, 2026. - April 6, 2026.

Present:  Budd, C.J., Gaziano, Kafker, Wendlandt, Georges,
Dewar, & Wolohojian, JJ.


Breaking and Entering.  Intent.  Evidence, Intent, Presumptions
    and burden of proof, Inference.  Practice, Criminal,
    Presumptions and burden of proof.  Due Process of Law,
    Elements of criminal offense.  Trespass.



Complaint received and sworn to in the Westborough Division
of the District Court Department on October 20, 2022.

The case was heard by Timothy M. Bibaud, J.

After review by the Appeals Court, 105 Mass. App. Ct. 1138
(2025), the Supreme Judicial Court granted leave to obtain
further appellate review.


Bradley Baranowski for the defendant.
Ellyn H. Lazar, Assistant District Attorney, for the
Commonwealth.


GAZIANO, J.  After a jury-waived trial, a District Court

judge found the defendant guilty of breaking and entering with

intent to commit a misdemeanor, in violation of G. L. c. 266,

§ 16A. At trial, the Commonwealth did not identify the misdemeanor the defendant intended to commit at the time of the break-in. To justify the conviction, the Commonwealth now contends that the defendant intended to commit either larceny or criminal trespass upon breaking and entering the victim's residence. The defendant asks us to reverse her conviction, arguing that the Commonwealth has violated her due process rights by presenting new intended misdemeanors on appeal and that there was insufficient evidence to prove an intent to commit either crime. We affirm.

Background. We summarize the facts the trial judge could have found in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).

In September 2021, the defendant, Jill E. McGrath, moved into the victim's home. The victim had offered to let the defendant, a friend of the victim's son, live in her house rent-free because the defendant had lost her housing in Vermont. Just before the defendant moved in, the defendant's Shih Tzu, Zelda, gave birth to puppies. The defendant gifted one puppy, Lily, to the victim.

On a night in March 2022, the defendant returned to the victim's home in a belligerent state and threw a drying rack at the victim. Because of the incident, the defendant was arrested

and the victim refused to let the defendant back into her home. The defendant moved out.

On the morning of October 19, 2022, the victim was alone in her home when she heard loud knocking at the door. The victim, who was upstairs in her bedroom, looked out the window and observed the defendant at the door. After about ten minutes of knocking, the defendant proceeded to a different door and continued to knock. The victim ignored the knocking until Lily "went totally insane." She then looked downstairs and saw the defendant entering her home. Although the doors had been locked, the victim later came to believe that the defendant had gained entry using a set of house keys taken from the victim's unlocked car. Upon seeing the defendant, the victim said to her, "What are you doing in my house? You don't belong in my house. Get out of here now." The defendant told the victim she needed to "get some stuff" and proceeded into the home, where she gathered winter coats that she had left behind when she moved out.

As the defendant left the home with the coats, Lily ran outside. The victim went outside after Lily and found her in the front passenger's seat of the defendant's car with Zelda. When the victim reached through the open front passenger's window to grab Lily, the defendant closed the window and drove off, injuring the victim's hand. The next day, an animal

control officer returned Lily after finding her down the street from the victim's home without her collar.

The defendant was charged with breaking and entering a building in the daytime with intent to commit a felony, G. L. c. 266, § 18; larceny over $1,200, G. L. c. 266, § 30 (1); and assault and battery by means of a dangerous weapon on a person sixty years of age or older, G. L. c. 265, § 15A (a). The defendant waived her right to a jury trial, and a bench trial was held on September 21, 2023, in the Westborough Division of the District Court Department. At trial, the Commonwealth never specified an intended crime underlying the breaking and entering charge. The defendant, for her part, testified that she had permission to be in the home, that Lily jumped into the car of her own volition and then ran off before the defendant left, and that the victim never reached into the car to grab Lily. The defendant was convicted of breaking and entering with intent to commit a misdemeanor, in violation of G. L. c. 266, § 16A (a lesser included offense of breaking and entering with intent to commit a felony); larceny of $1,200 or less, in violation of G. L. c. 266, § 30 (1); and assault and battery, in violation of G. L. c. 265, § 13A (a).

The defendant appealed, arguing for purposes of her breaking and entering conviction that there was insufficient evidence that she intended to commit larceny when she entered

the victim's home.  The Commonwealth argued that there was sufficient evidence for the judge to conclude that the defendant entered the victim's home with intent to commit either larceny (by stealing Lily) or criminal trespass.  In an unpublished memorandum and order pursuant to Appeals Court Rule 23.0, a panel of that court held that the evidence was insufficient to prove that the defendant had the intent to commit larceny when she entered the home but affirmed on the basis that there was sufficient evidence that she had the intent to commit criminal trespass.  See Commonwealth v. McGrath, 105 Mass. App. Ct. 1138 (2025).  We allowed the defendant's application for further appellate review.

Discussion.  The defendant raises two issues on appeal. First, she argues that allowing the Commonwealth to raise new intended crimes for the first time on appeal prevents defendants from confronting the theories of guilt on which they are convicted, thereby infringing on due process protections. Second, she contends that even if the Commonwealth can raise a new intended crime on appeal, the evidence was insufficient to show that the defendant intended to commit a misdemeanor at the time of entering the victim's home.  We address each of these arguments in turn.

1.  Intended misdemeanor.  "In the lexicon of Massachusetts crimes there is no such crime as 'breaking and entering'

unaccompanied by intent to commit a felony or a misdemeanor"
(citation omitted).  Commonwealth v. Greene, 461 Mass. 1011,
1012 (2012).

The Commonwealth is not, however, required to identify the
misdemeanor the defendant intends to commit upon entry.  As we
have said, the Commonwealth need not specify the intended
misdemeanor "because the particular misdemeanor [is] not . . .
an element of the crime charged," and thus, the fact finder can
properly "find the intent to commit an unspecified misdemeanor."
Rogan v. Commonwealth, 415 Mass. 376, 379 (1993).  See
Commonwealth v. Scott, 71 Mass. App. Ct. 596, 603 n.8 (2008)
(judge not required to define elements of particular misdemeanor
in trial on charge of breaking and entering with intent to
commit misdemeanor).  And where the Commonwealth has not
identified a misdemeanor, as here, the Commonwealth need not
prove that the defendant intended to commit a particular
misdemeanor; instead, proof of intent to commit an unspecified
misdemeanor is sufficient under G. L. c. 266, § 16A.[1]  See Rogan,
supra.

---

[1] In a jury trial, "if the jurors are instructed that they
may convict the defendant only on the basis of a particular
theory of the crime, the jury's verdict may not be affirmed on
the basis that there was sufficient evidence to establish an
alternative theory of the crime."  Commonwealth v. Pfeiffer, 492
Mass. 440, 451 (2023).  However, as the District Court's model
jury instructions on this crime state, to prove that the

The defendant contends that permitting the Commonwealth to proceed at trial without specifying the intended misdemeanor violates due process. Of course, "[t]he due process clause of the Fourteenth Amendment to the United States Constitution requires the Commonwealth to prove every essential element of the offense beyond a reasonable doubt." Commonwealth v. Brown, 477 Mass. 805, 815 (2017), cert. denied, 586 U.S. 826 (2018). See In re Winship, 397 U.S. 358, 364 (1970). However, as mentioned, the underlying misdemeanor in a charge of breaking and entering is not an element of the crime charged. See Rogan, 415 Mass. at 379. See also Parreira v. Commonwealth, 462 Mass. 667, 672 (2012) (elements of breaking and entering charge under G. L. c. 266, § 16A, are " [1] break[ing] and [2] enter[ing] [3] a building [or other covered structure] [4] with intent to commit a misdemeanor"). Thus, the Commonwealth's failure to

---

defendant intended to commit a misdemeanor under G. L. c. 266, § 16A, "the Commonwealth is not required to prove that the defendant intended to commit any particular misdemeanor." Instruction 8.106 of the Criminal Model Jury Instructions for Use in the District Court (2023) (Instruction 8.106), citing Rogan, 415 Mass. at 379. Instead, the Commonwealth "must prove that at the time of the break the defendant intended to commit a crime that is a misdemeanor" (emphasis added). Instruction 8.106, supra, citing Rogan, supra. A misdemeanor is defined as "an offense for which a person may not be sentenced to [S]tate prison." Instruction 8.106, supra. The instructions also advise the judge to identify the offense or offenses for the intended misdemeanor, stating: "[t]he offense(s) of [name of offense(s)] is (are) not punishable by a sentence to [S]tate prison." Id.

specify the intended misdemeanor at trial does not infringe upon a defendant's due process rights.

Moreover, to the extent that the defendant is concerned with the Commonwealth's ability to proceed with an unspecified intended misdemeanor, a defendant may request a bill of particulars,[2] which was not done by the defendant in this case. See Mass. R. Crim. P. 13 (b), as appearing in 442 Mass. 1516 (2004).  The specifications in a bill of particulars are intended to provide a defendant "reasonable knowledge of the nature and character of the crime charged" and will "bind and restrict the Commonwealth as to the scope of the indictment and to the proof to be offered in support of it."  Commonwealth v. Iannello, 344 Mass. 723, 726 (1962).

_____

[2] Even though this court affirmed the denial of a defendant's motion for a bill of particulars in Rogan, 415 Mass. at 379, that case is not to the contrary.  There, the defendant was charged with breaking and entering with intent to commit a felony and initially received a bill of particulars before his bench trial.  Id. at 377.  After the defendant was found guilty of breaking and entering with intent to commit a misdemeanor, he appealed to the jury session of the Boston Municipal Court for a trial de novo.  Id.  Before the jury trial, the judge denied the defendant's motion for a second bill of particulars.  Id.  We held that the judge did not abuse his discretion in denying the defendant's motion because "[n]ot only had the defendant been apprised of the nature and character of the crime charged, but the judge limited the evidence to be introduced at the trial de novo to that which was introduced at the bench trial" (quotation and citation omitted).  Id. at 378-379.  We noted that "[t]his is more than a second bill of particulars would provide."  Id. at 379.

While the Commonwealth is not required to present a specific intended misdemeanor at trial, it has long been held that when the Commonwealth puts forward a particular theory at trial, the Commonwealth's "[a]rguments on appeal must be based on [that] theor[y]," not any new theory. Commonwealth v. Lee, 460 Mass. 64, 67 n.3 (2011). See, e.g., Commonwealth v. Claudio, 418 Mass. 103, 117 n.12 (1994), overruled on other grounds by Commonwealth v. Britt, 465 Mass. 87 (2013) (breaking and entering conviction could not be upheld on appeal based on Commonwealth's theories that defendant intended to commit "a number of felonies," where these felonies did not form basis for charge and case was tried on different theory). See also Commonwealth v. Bellard, 494 Mass. 446, 449 n.5 (2024) (conviction cannot be affirmed on new theory never presented to jury).

Here, the defendant argues that it is improper for the Commonwealth to raise criminal trespass as the intended misdemeanor for the first time on appeal. She contends that the Commonwealth tried the case on the theory that the defendant intended to commit larceny as the underlying offense; consequently, she claims the breaking and entering conviction should not be affirmed based on the new theory that the defendant intended to commit criminal trespass.

But that is not what has occurred here.  At trial, the Commonwealth did not present any theory specifying the offense that the defendant allegedly intended to commit when she entered the victim's home.[3]  And contrary to the defendant's argument that larceny alone was presented as the underlying offense, the prosecutor's only mention of larceny at trial occurred when he asked the judge to consider finding the defendant guilty of the lesser included offense of larceny of $1,200 or less -- which related to the separate charge of larceny over $1,200 rather than the breaking and entering charge.  Likewise, the judge only mentioned larceny in finding that the Commonwealth met its burden in proving larceny of $1,200 or less.  Neither the prosecutor nor the judge named a specific intended misdemeanor tied to the charge of breaking and entering.

---

[3] Nor did the complaint charging the defendant with breaking and entering specify the underlying crime.  Contrast Claudio, 418 Mass. at 117 n.12 (indictment "charged that the defendant 'did break and enter a dwelling house in the nighttime with intent to commit a felony and did make an actual assault on [the victim], a person lawfully therein'" [emphasis added]).  But even where the underlying offense is specified in an indictment or complaint, it is "harmless surplusage," provided that it "[does] not mislead the defendant, confuse the jury, or raise the danger of retrial after acquittal." Commonwealth v. Hobbs, 385 Mass. 863, 870-871 (1982) (variance between intended felony in armed burglary indictment and judge's instructions to jury not prejudicial).  See Commonwealth v. Costello, 392 Mass. 393, 403 (1984) (variance between intended felony in armed assault indictment and judge's instructions to jury not prejudicial).

In a bench trial, the judge is presumed not only to "know and correctly apply the law" (citation omitted), Commonwealth v. Carter, 481 Mass. 352, 361 (2019), cert. denied, 589 U.S. 1133 (2020), but also, "absent contrary indication, to have correctly instructed himself as to the manner in which evidence is to be considered in his role as factfinder" (citation omitted), Commonwealth v. Adkinson, 442 Mass. 410, 421 (2004). Notwithstanding that criminal trespass was never explicitly raised at trial, there is no indication that the judge failed to consider it as an intended misdemeanor, particularly where the Commonwealth did not present another crime as the underlying offense at trial, contrast Lee, 460 Mass. at 67 n.3, and where the evidence in this case clearly lent itself toward consideration of that crime. Specifically, the Commonwealth repeatedly elicited evidence at trial that the victim had forbidden the defendant from entering her home, an essential element of criminal trespass. The defendant disputed this evidence by testifying that she had permission to enter the victim's home.

Accordingly, given this evidence, we presume that the judge properly considered criminal trespass as an intended misdemeanor for the breaking and entering charge. See Commonwealth v. Sepheus, 468 Mass. 160, 170 (2014) ("In a jury-waived or nonjury case, the judge need not expressly instruct himself . . .

because we presume that the judge correctly instructed himself" [quotation and citation omitted]). See also Rogan, 415 Mass. at 379 ("breaking and entering in the day time with the intent to commit a misdemeanor could, in the proper circumstance, involve an intent to commit a criminal trespass").

We conclude, under the circumstances of this case, that it is proper to consider criminal trespass as an underlying intended misdemeanor for purposes of affirming the defendant's breaking and entering conviction. Having so concluded, we must next assess whether there was sufficient evidence to convict the defendant.

2. Sufficiency of evidence. On a charge of breaking and entering with intent to commit a misdemeanor, the Commonwealth must prove that the defendant "inten[ded] to commit a misdemeanor," G. L. c. 266, § 16A, and that the intent "exist[ed] at the time of the breaking and entering," see Commonwealth v. Lauzier, 53 Mass. App. Ct. 626, 629 (2002). The defendant argues that there was insufficient evidence that she intended to commit a misdemeanor upon entering the victim's home. We disagree.

We conclude that the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to prove beyond a reasonable doubt that the defendant intended to commit a

misdemeanor -- specifically, criminal trespass.[4]  See Latimore, 378 Mass. at 677.  For a charge of breaking and entering, a defendant's intent to commit an underlying offense may be inferred from his or her actual commission of that offense, his or her conduct more generally, and the surrounding circumstances.  See Lauzier, 53 Mass. App. Ct. at 629-630.

The evidence at trial supports an inference that the defendant intended to commit a criminal trespass at the time of the breaking and entering.  As the victim testified, the defendant was forbidden from entering the victim's home following the March 2022 assault.  See G. L. c. 266, § 120 (defendant commits criminal trespass by entering or remaining in another's house without right "after having been forbidden so to do by the person who has lawful control of said premises").  On the morning of the incident, the defendant banged on the victim's locked doors for about ten minutes.  See Commonwealth v. Grayson, 96 Mass. App. Ct. 748, 756 (2019) (in criminal trespass analysis, property owner "may directly forbid entry to the premises by securing them with . . . locked gates or doors" [citation omitted]).  The defendant then gained entry to the

---

[4] Because we conclude that the evidence was sufficient as to the defendant's intent to commit criminal trespass, we do not reach the issue whether the evidence was sufficient as to the defendant's intent to commit larceny.

home, despite the fact that the doors were locked.  See Scott, 71 Mass. App. Ct. at 603 (evidence was sufficient for jury to infer defendant had "encountered the security measures implemented . . . to forbid entry, . . . frustrated the security measures, and . . . then entered the apartment").  Once the defendant was inside the home, the victim told her to leave "now," but the defendant did not leave.  See Commonwealth v. Strahan, 30 Mass. App. Ct. 947, 948 (1991) (evidence supported conclusion that defendant was ordered to leave, refused to do so, and remained for five to ten minutes).

On appeal, the defendant contends she was authorized to enter the victim's home, citing her own testimony in support. See Commonwealth v. Alvarez, 480 Mass. 1017, 1019 (2018) (criminal trespass requires "absence of any right, permission, or license . . . permitting an entry" [citation omitted]). Specifically, the defendant testified that she had received a court order authorizing her to enter the victim's home and collect her possessions.  She did not submit this alleged court order in evidence.  The defendant also testified that, about one week before the incident, the victim's husband had granted her permission to enter the home on the day in question to collect her possessions under his supervision.  Further, according to the defendant, on the day of the incident, she was unaware that the victim's husband had passed away several days prior and was

still under the impression that she was permitted to enter the victim's home.

Viewed in the light most favorable to the Commonwealth, the defendant's exculpatory testimony was not enough to overcome evidence of her forbidden entry into the premises, and the judge was entitled to discredit it.  See Commonwealth v. Bonner, 489 Mass. 268, 275 (2022) (issues of credibility are resolved in light most favorable to Commonwealth); Commonwealth v. Scott, 430 Mass. 351, 355-356 (1999) (decision not to credit defendant's testimony is well within judge's discretion). Accordingly, there was sufficient evidence for the judge to determine that the defendant intended to commit a misdemeanor at the time of the breaking and entering.

Judgment affirmed.